IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAN A. SCHWARTZMILLER,

      Plaintiff,               No. CIV S-08-1001 JAM KJM P

  vs.

JERRY BROWN, et al.,

      Defendant.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. Screening of Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1  The court finds the allegations in plaintiff's complaint too vague and conclusory
2 to state a claim upon which relief can be granted at this time.  Although the Federal Rules of
3 Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the
4 elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d
5 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt
6 acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must
7 be dismissed.  The court will, however, grant leave to file an amended complaint.

8  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
10 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
11 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
12 there is some affirmative link or connection between a defendant's actions and the claimed
13 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
14 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
15 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
16 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17  To the extent plaintiff is attempting to plead violation of the Eighth Amendment
18 based on inadequate medical care, he is advised that he must allege "acts or omissions
19 sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.
20 Gamble, 429 U.S. 97, 106 (1976).  With respect to defendants' failure to protect plaintiff from
21 harm from other inmates, plaintiff must allege facts showing that he was subjected to a
22 substantial risk of serious harm and that defendants were at least deliberately indifferent to that
23 risk.  Farmer v. Brennan, 511 U.S. 825, 832-34 (1991) (quoting Hudson v. Palmer, 468 U.S. 517,
24 526-27 (1984)).  Plaintiff also makes vague reference to the "ADA" in his complaint.  In order to
25 state a cause of action under the American's with Disabilities Act, plaintiff should review the act
26 /////

3

at 42 U.S.C. § 12101 et seq., determine if he has a cause of action and inform the court precisely how he feels defendants have violated the act.

Plaintiff has named a number of fictitious, or "Doe," defendants as parties to this action. The use of such fictitiously-named defendants is generally improper in federal court. See Provience v. Valley Clerks Trust Fund, 509 F.Supp. 388, 392 (E.D. Cal. 1981). In his amended complaint, plaintiff should not name "Doe" defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

III. Temporary Restraining Order

Plaintiff has filed a motion seeking a temporary restraining order. Because the court has not authorized service of process upon any defendant, plaintiff's motion will be denied

without prejudice to renewal after the court orders that a complaint is appropriate for service. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

IV.  Recusal

        Finally, plaintiff has filed a motion asking that the undersigned recuse herself. However, plaintiff presents no valid reason why recusal is appropriate.  See 28 U.S.C. § 1983. Plaintiff's motion will be denied.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3.  Plaintiff's complaint is dismissed.

        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

        5.  Plaintiff's request for the appointment of counsel (docket no. 1, pg. 27) is denied.

        6.  Plaintiff's motion for a temporary restraining order (docket no. 7) is denied without prejudice.

        7.  Plaintiff's motion for recusal (docket no. 13) is denied.

DATED: January 21, 2009.

_____
U.S. MAGISTRATE JUDGE

1schw1001.14(6.5.08)